IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VIVIAN EARL McDANIEL,**

        **Petitioner,**

    v.                          CASE NO. 07-3174-RDR

**D. TERRELL, WARDEN,**
**USP Leavenworth,**

        **Respondents.**

### <u>O R D E R</u>

This petition for writ of habeas corpus, 28 U.S.C. 2241, was filed and the filing fee was paid by an inmate of the United States Penitentiary, Leavenworth, Kansas. Petitioner asks this court to order that a detainer lodged against him by the State of Tennessee be "vacated with prejudice" and to enjoin federal and state authorities from honoring the detainer. He claims the detainer must be invalidated because the State of Tennessee violated Article IV(e) of the Interstate Agreement on Detainers Act[1] (IAD) in that he was transferred to the receiving State (Tennessee) and back to federal custody before he was tried on the outstanding Tennessee charges. Petitioner additionally complains he was not afforded 30 days to

---

[1] The IAD pertinently provides that: (1) under Article III, once a detainer is filed against a prisoner, he may demand that temporary custody of him be transferred to the receiving state and that a disposition of the charges be made within 180 days, 18 U.S.C.App. 2, § 2, Art. III(a); (2) should the prisoner fail to make an Article III request, the provisions of Article IV require that the sending state transfer temporary custody of him to the receiving state upon its request and that his trial there be commenced within 120 days, <u>Id</u>., Art. IV(c); and, (3) the receiving state may not return the prisoner until the trial is completed, otherwise "the court shall enter an order dismissing the [indictment, information, or complaint with prejudice." <u>Id</u>., Art. IV(e)("anti-shuttling provision").

challenge the detainer[2], and his trial was not begun within 120 days of his first arrival in the receiving State, in violation of Article IV (a) and (c) of the IAD.

**FACTUAL BACKGROUND**

Petitioner alleges he is serving two consecutive 25-year federal sentences imposed in 1977 in the United States District Court for the Northern District of Texas for kidnaping and robbery of a U.S. Post Office. In 1984, Mr. McDaniel was convicted by a jury in the Circuit Court of Fayette County, Somerville, Tennessee, of three counts armed robbery, two counts aggravated kidnaping, and one count second degree burglary. Apparently, the state crimes were committed while Mr. McDaniel was an escapee from federal custody. In 1984, state sentences totaling 70 years were imposed and ordered to run consecutive to his federal sentences.

Petitioner alleges that on August 9, 1983, while he was serving his federal sentences at the Federal Correctional Institution in Memphis, Tennessee (FCIM), a detainer was lodged against him by Tennessee State authorities requesting custody for trial on the then pending state charges. On August 10, 1983, he was taken from the FCIM to Fayette County for arraignment and appointment of counsel via a "writ of ad prosequendum" and returned on the same day. He further alleges he was taken and returned from the FCIM on the same

---

[2] 18 U.S.C.App. 2, § 2, Art. IV (a) provides: "[T]here shall be a period of thirty days after receipt by the appropriate authorities before the request be honored, within which period the Governor of the sending State may disapprove the request for temporary custody or availability, either upon his own motion or upon motion of the prisoner.

2

day on ten other occasions between August 17, 1983, and February 15, 1984. Pretrial motions were heard on December 5, 1983; the trial was held and McDaniel was convicted on December 15, 1983; and he was sentenced on January 11, 1984. Petitioner states in his federal Petition that he did not directly appeal his Tennessee convictions[3]. In February, 1984, Tennessee authorities lodged another detainer against petitioner for service of his state sentences once his federal sentences have been completed.

In 2002, Mr. McDaniel filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 in this court seeking to enjoin the respondent warden and "anyone acting in concert with him" from honoring the Tennessee detainer. He asserted his convictions in Tennessee state court on which the detainer was based were obtained in violation of the IAD. This court "dismissed the action without prejudice so that McDaniel could exhaust his state and administrative remedies." See McDaniel v. Warden, No. 02-3010, *2 (10th Cir. May 23, 2002, unpublished). Petitioner appealed, and the Tenth Circuit Court of Appeals noted the 1999 state habeas petition and observed that Mr. McDaniel had failed to seek review in the

---

[3]  However, in a state habeas corpus petition filed by him in Tennessee in 1999, petitioner alleged he "filed an appeal which was affirmed" on March 27, 1984. He also stated in his 1999 petition that he had not previously presented the grounds raised therein to that or any court. The respondents' motion to dismiss his state habeas was granted, and the action was dismissed by the state circuit court on October 22, 1999.
  Petitioner submitted a copy of his 1999 state habeas petition as an exhibit in a prior habeas corpus action filed in this court: McDaniel v. Warden, USPL, Case No. 01-3020-RDR (D.Kan. Nov. 30, 2001), appeal dismissed, No. 02-3010 (10th Cir. May 23, 2002). The exhibited copy shows a file-stamped date of July 29, 1999. Therein petitioner sought to enjoin state authorities from honoring the Tennessee detainer lodged "to extradite this petitioner back to the State of Tennessee for service of a Tennessee State Sentence."

3

Tennessee appellate courts.  Id. at *3.

Petitioner alleges he filed a BP-8 grievance form on July 30, 2001, requesting that the BOP remove the Tennessee detainer, and that he subsequently filed BP-9, BP-10 and BP-11 grievance forms[4], "to no avail."  He states that on November 15, 2001, the response to his National Appeal provided: the BOP "does not have the authority to remove a detainer placed by the State of Tennessee."

Petitioner next apparently filed another state habeas action[5] in which he contended the trial "court lacked jurisdiction" because he was "improperly shuttled between state and federal custody in violation of the (IAD)," which was denied.  On January 18, 2007, the Court of Criminal Appeals of Tennessee (TCCA) affirmed.[6]  The TCCA found the "record does not include . . . any documented evidence that the Petitioner was improperly shuttled between state and federal custody in violation of the (IAD)," and it was petitioner's duty "to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of his appeal."  On May 21, 2007, the Supreme Court of Tennessee denied his application to appeal.

Petitioner alleges he has now fully exhausted his

---

[4]   It is still not clear from petitioner's exhibits of his grievances that he presented all three of his claimed violations of the IAD at each administrative level.

[5]   The case number cited by petitioner is W2005-02806-CCA-RC-HC, leading this court to believe that either the state habeas petition or the appeal to the TCCA was filed in 2005.

[6]   The lower circuit court had similarly held: "The record does not include a copy of the Petitioner's judgment or any documented evidence that the Petitioner was improperly shuttled between state and federal custody in violation of the (IAD)."  Exhibit I at *3.

4

administrative and state court remedies and is entitled to review of his claims in federal court.

**STATUTE OF LIMITATIONS**

At the outset the court notes it appears from the face of Mr. McDaniel's pleading that his 1984 convictions became "final" in 1984 or 1985, after the time for appealing his convictions or sentences expired[7]; and that this federal habeas corpus petition was not filed within the applicable statute of limitations.  The one-year statute of limitations set forth in 28 U.S.C. 2244(d)(1)(D) applies to habeas corpus petitions filed under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241.[8]  Petitioners like Mr. McDaniel who were convicted long before the statute of limitations went into effect, had one year from the effective date of that statute in which to file a federal habeas petition[9].  See United States v. Hurst, 322 F.3d 1256, 1261 (10th Cir. 2003)(holding that prisoners whose convictions

---

[7] This is the case if petitioner did not directly appeal his convictions, as he states in his current Petition.  If he did directly appeal, his convictions were "final" at the conclusion of all direct criminal appeals in state court followed by the expiration of the time allotted for filing a petition for a writ of certiorari.  By Supreme Court rule, a petitioner has 90 days from the date of entry of judgment in a state court of last resort to petition for certiorari.  The court presumes that if petitioner did complete a direct criminal appeal, his 1984 convictions were still "final" prior to April, 1996.

[8] Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006); see also Greene v. Tenn. Dep't of Corr., 265 F.3d 369, 371 (6th Cir. 2001), cert. denied, 534 U.S. 1130 (2002)("'[W]hen a prisoner begins in the district court, § 2254 and all associated statutory requirements . . . apply no matter what statutory label the prisoner has given the case.'"); Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004)(There is a single habeas corpus remedy for those imprisoned pursuant to a State court judgment, authorized by § 2241 but subject to all of the restrictions of § 2254).  One of those restrictions is the one-year statute of limitations set out in § 2244(d).

[9] The statute of limitations became effective April 24, 1996.

became final on or before April 24, 1996, must file their federal habeas corpus petitions on or before April 24, 1997); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). This means petitioner had to file his federal petition challenging his state convictions based upon his claims of IAD violations and that the trial court lacked jurisdiction, on or before April 24, 1997. Nothing in the record presented by Mr. McDaniel indicates he filed a state post-conviction action challenging his 1984 convictions which was "properly pending" between April 24, 1996, and April 24, 1997, and might have tolled the statute of limitations. It thus appears that, absent a showing of entitlement to equitable tolling, Mr. McDaniel's challenges to his 1984 state convictions were not presented in federal court within the statute of limitations and as a result are time-barred. However, the court does not determine the timeliness question in this case due to the following findings.

**IMPROPER VENUE**

Even if this action is not time-barred, this court is not the proper venue to adjudicate petitioner's claims, which are nothing more than challenges to his 1984 Tennessee state convictions[10]. This court might properly determine the legality of any adverse effects within this district of a detainer lodged by a State outside its

---

[10] Petitioner's claims attacking the Tennessee detainer are challenges to the underlying state convictions and to his future state custody thereunder. None of petitioner's allegations indicate the federal BOP or the warden at USPL violated the IAD. Instead, petitioner's explicit claim is that the State of Tennessee, the "receiving state," violated the IAD while trying him on state charges.

boundaries.  However, petitioner alleges no facts indicating he has grounds for federal habeas corpus relief based upon the detainer's adverse effects on his current federal confinement[11].

Instead, as grounds for this Petition, Mr. McDaniel asserts the Tennessee detainer violates his due process rights, and the IAD was violated.  The factual allegations made in support of these claims may present substantial legal and factual issues such as whether or not the exhibited letter from the District Attorney to the U.S. Marshal constituted a "detainer[12]," which triggered the IAD[13]; whether or not the shuttling incidents amounted to violations of the anti-shuttling provisions of the IAD[14]; and, if so, whether or not

---

[11]   There is no basis for petitioner to assert that the BOP violated the IAD's anti-shuttling provisions or time limitations.  See Brown v. Sherman, ___F.Supp.3d___, 2007 WL 1521134 (W.D. Pa. May 22, 2007).  There is also no reason to think that petitioner's federal sentence has done anything but run continuously since the date it commenced, other than during his escape status.

[12]   The provisions of the IAD are activated when a "detainer" is filed with the sending authority by the receiving State.  United States v. Mauro, 436 U.S. 340, 361 (1978)(the writ of habeas corpus ad prosequendum itself is not a detainer under the Act.); see also Fex v. Michigan, 507 U.S. 43, 44 (1993)(A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent.").

[13]   Petitioner exhibits a letter dated August 9, 1983, from the District Attorney General in Somerville, Tennessee, to the United States Marshal in Memphis, Tenneseee, "formally" notifying him of the Tennessee charges against Mr. McDaniel and asking him to place a detainer on Mr. McDaniel "for trial in the future."  The letter sets forth the District Attorney General's understanding that "this information will serve as a detainer."  Petitioner reasonably contends that this letter constituted a detainer under the IAD.

[14]   A few incidents recounted by petitioner occurred post-trial, like sentencing.  "'Trial' does not include sentencing for purposes of the IAD anti-shuttling provisions."  U.S. v. Coffman, 905 F.2d 330, 331-32 (10th Cir. 1990), (The IAD differentiates between the trial phase of a proceeding and all post-trial procedures, including sentencing.).  The records of McDaniels' state criminal proceedings might also reveal that some of these transfers were for proceedings requested by defendant so that he waived the anti-shuttling prohibition for that particular proceeding, or that he requested return to federal custody.  Rights under Article IV(e) are waived by a prisoner's request to be returned to his original place of confinement.  Gray v. Benson, 608 F.2d 825, 827 (10th Cir. 1979).

7

petitioner can show actual prejudice or special circumstances elevating his IAD claims to viable grounds for federal habeas corpus review[15].  Two significant procedural questions are also presented in addition to the statute of limitations problem apparent from the face of the Petition.  First, the court questions whether or not petitioner fully exhausted state court remedies by properly presenting all his claims and any supporting documentation to the state courts[16], given the trial and appellate courts' findings that he presented no documents in support of his illegal shuttling claim. Likewise, there is no clear indication Mr. McDaniel fairly presented his claims that he was not given 30 days to object or tried within

---

[15] Because the rights created by the IAD are statutory, not fundamental, constitutional, or jurisdictional in nature, violations of the IAD are not grounds for a collateral attack on a federal conviction and sentence . . . absent special circumstances. Greathouse v. United States, 655 F.2d 1032, 1034 (10th Cir. 1981), cert. denied, 455 U.S. 926 (1982)(section 2255); U.S. v. Pursley, 474 F.3d 757, 764 FN5 (10th Cir. 2007), citing Greathouse, 655 F.2d at 1034.  Whether such non-constitutional federal claims are cognizable depends upon "whether the claimed error of law [is] "fundamental defect which inherently results in a complete miscarriage of justice," and whether "[it] . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent'." Davis v. United States, 417 U.S. 333, 346 (1974), quoting Hill v. United States, 368 U.S. 424, 429 (1962).  Petitioner has not alleged that the shuttling or delay rendered his trial unfair or prevented him from mounting a defense.  Furthermore, there is no indication that any IAD violation led to the conviction of an innocent man.  At best, petitioner's allegations reveal a technical violation of the IAD.  The Sixth Circuit has even "preclude[s] federal habeas review for IAD violations altogether." Browning v. Foltz, 837 F.2d 276, 283 (6th Cir. 1988), cert. denied, 488 U.S. 1018 (1989)(violation of the IAD does not give rise to federal habeas corpus relief).

[16] When a federal prisoner challenges a detainer lodged by a State, habeas corpus relief is available only if the prisoner has exhausted state court remedies in the State that lodged the detainer. See e.g., Capps v. Sullivan, 13 F.3d 350, 354 (10th Cir. 1993); Grant v. Hogan, 505 F.2d 1220, 1223 (3rd Cir. 1974); Graham v. Brooks, 342 F.Supp.2d 256, 262 (D.Del. 2004).  The exhaustion requirement is based on principles of comity, requiring the petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); Montez v. McKinna, 208 F.3d 862, (10th Cir. 2000).  Generally, the petitioner must demonstrate that the habeas claim was "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding.

120 days of his initial transfer to state custody. Secondly, the court questions whether or not petitioner procedurally defaulted all his claims, including that the trial court lacked jurisdiction, by failing to raise them at trial[17].

Though petitioner is currently incarcerated in federal prison here, the federal district court in Tennessee[18] is the appropriate forum for his challenges to future custody pursuant to his Tennessee convictions[19]. 28 U.S.C. 2254; Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). Thus, the court finds this is not the proper

---

[17] Challenges to a conviction based on an Article IV(a),(c) or (e) violation may be waived by failing to raise them in the trial court. See Reed v. Farley, 512 U.S. 339, 352 (1994)(A "state court's failure to observe the 120-day rule of IAD Article IV(c) is not cognizable under Section 2254 when the defendant registered no objection to the trial date at the time it was set, and suffered no prejudice attributable to the delayed commencement."); Mars v. United States, 615 F.2d 704, 707 (6th Cir.), cert. denied, 449 U.S. 849 (1980)(§ 2255 proceeding); United States v. Boggs, 612 F.2d 991, 993 (5th Cir.)(per curiam), cert. denied, 449 U.S. 857 (1980) (same). If an issue was not considered by the state courts due to procedural default, petitioner must show adequate cause and prejudice entitling him to raise the issue in a federal habeas petition. See Murray v. Carrier, 477 U.S. 478 (1986). Petitioner presents no authority for his premise that a violation of the IAD's anti-shuttling provision removes a trial court's jurisdiction to proceed to trial on the underlying criminal charges. Cf. e.g., Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001); Pethel v. McBride, 219 W.Va. 578, 638 S.E.2d 727, 739 (W.Va. 2006)(reasoning and authorities cited therein).
  Petitioner cites Alabama v. Bozeman, 533 U.S. 146 (2001) and United States v. Schrum, 638 F.2d 214 (10th Cir. 1981) as legal authority for his claims. However, both cases are distinguishable in that the petitioners in those cases sought dismissal of the charges from the trial court prior to trial.

[18] The proper venue is the United States District Court for the Western District of Tennessee, Western Division. See 28 U.S.C. 123(c)(2).

[19] When a federal prisoner challenges his future confinement by challenging a state detainer, the federal warden is not the one holding him in what is alleged to be unlawful custody. Instead, the petitioner is deemed to be in the custody of the state officials who lodged the detainer, at least for purposes of the habeas corpus action. Braden, 410 U.S. at 494-95; see Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004); see also Coady v. Vaughn, 251 F.3d 480, 484-86 (3d Cir. 2001)(Although a petitioner challenging the execution of his federal sentence must bring that challenge pursuant to 28 U.S.C. § 2241, a petitioner challenging (as here) the validity and execution of his state conviction, must bring those claims under 28 U.S.C. § 2254.); Esposito v. Mintz, 726 F.2d 371, 372 (7th Cir. 1984).

9

venue for determining petitioner's claims[20].

This court has authority to transfer this action to the proper venue. However, the court finds a transfer would not be in the interest of justice, given the obvious, lengthy statute of limitations breach, possible failure to fully exhaust, and probable procedural default. Instead, the court determines this Section 2241 petition should be dismissed, without prejudice. Petitioner may then choose between filing a petition for writ of habeas corpus under 28 U.S.C. 2254 in federal court in Tennessee; or another state habeas action in the Tennessee trial and appellate courts, raising all his claims and presenting any and all documentary evidence of his anti-shuttling and other claims. This decision should be guided by his knowledge of what claims and evidence he has not already presented to the state courts.

For the foregoing reasons, petitioner's claims, if any, attacking the execution of his federal sentence under 28 U.S.C. 2241 are denied. Petitioner's claims attacking his state convictions are dismissed, without prejudice.

**IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is denied; and petitioner's claims under 28 U.S.C. § 2254, if any, are dismissed without prejudice.

---

[20] Determinations of the potential issues mentioned herein would be governed by the law of the United States Court of Appeals for the Sixth Circuit, which may vary from that of the Tenth Circuit; and entail review of the criminal proceedings and state court records in Tennessee as well as the Tennessee law on procedural default. The state authorities with access to these records and those involved in such proceedings are located in the State of Tennessee.

**IT IS FURTHER ORDERED** that petitioner's request for appointment of counsel (Doc. 2) is denied as moot.

DATED:  This 14th day of September, 2007, at Topeka, Kansas.



                                        s/RICHARD D. ROGERS
                                        United States District Judge